UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

----------------------------------------------------X

NATIONAL PUBLIC FINANCE                Civil Action No. 7:15-CV-05642 KMK
GUARANTEE CORPORATION,

                 Plaintiff,

-against-

U.S. BANK TRUST NATIONAL               **ANSWER**
ASSOCIATION,

                 Defendant.

----------------------------------------------------X

For its Answer to the Complaint of Plaintiff, Defendant U.S. Bank National Association ("U.S. Bank"), as successor in interest to U.S. Bank Trust National Association states as follows:

Except as expressly admitted below, U.S. Bank denies the allegations of the Complaint.

1.    As to the allegations of paragraph 1 of the Complaint, admit only that Plaintiff is seeking damages under a contract of insurance.

2.    As to the allegations of paragraph 2 of the Complaint, admit only that American Opportunity for Housing – Colinas LLC ("AOHC") was legally obligated to pay whatever premium was due MBIA Insurance Corporation ("MBIA"), the issuer of the insurance policy. U.S. Bank had no duty to fund whatever account was used to pay such premium.

3. As to the allegations of paragraph 3 of the Complaint, admit only that only AOHC was legally obligated to pay whatever premium was due, and that AOHC failed to provide sufficient funds to pay whatever premium may have been due.

4. As to the allegations of paragraph 4 of the Complaint, deny because AOHC was legally obligated to pay whatever premium was due, that AOHC failed to provide sufficient funds to pay whatever premium may have been due and U.S. Bank had no legal duty to advance any funds to pay whatever premium was due.

5. As to the allegations of paragraph 5 of the Complaint, admit only that AOHC had provided $68,293.34 toward the full premium the insurer was charging. U.S. Bank had no duty to provide any funds toward payment for any premium.

6. As to the allegations of paragraph 6 of the Complaint, admit only that insurance premiums of the sort at issue are not paid in installments and that U.S. Bank requested AOHC to provide funds sufficient to pay the premium in full.

7. As to the allegations of paragraph 7 of the Complaint, admit only that the Series A and C bonds were defeased; that as provided for in the Indenture, U.S. Bank was entitled to act in reliance on the opinion of Fulbright and Jaworski ("Bond Counsel") that all conditions to defeasance had been satisfied, that Plaintiff consented unconditionally in writing to defeasance and that U.S. Bank disbursed funds as provided for in a Closing Statement prepared by Storm Peak Advisors, a third party (the "Closing Statement"). It was the duty of Bond Counsel to advise U.S. Bank if the insurer was to be paid from funds then available and the duty of MBIA or Plaintiff to advise Bond Counsel if they were owed any money.

2

8. As to the allegations of paragraph 8 of the Complaint, admit only that for the reasons in paragraph 7 stated above, with defeasance of the outstanding bonds and distribution of funds as provided for in the Closing Statement, the Trust Estate terminated of its own accord.

9. As to the allegations of paragraph 9 of the Complaint, admit only that for the reasons stated in paragraph 7 above, U.S. Bank disbursed funds as provided in the Closing Statement.

10. As to the allegations of paragraph 10 of the Complaint, admit only that for the reasons stated in paragraph 7 above, U.S. Bank disbursed funds as provided in the Closing Statement. Deny that U.S. Bank owed Plaintiff any fiduciary duty.

11. As to the allegations of paragraph 11 of the Complaint, admit only that for the reasons stated in paragraph 7 above, U.S. Bank disbursed funds as provided in the Closing Statement. Deny that U.S. Bank owed Plaintiff any fiduciary duty.

12. As to the allegations of paragraph 12 of the Complaint, U.S. Bank is without sufficient information to admit or deny those allegations and on that basis denies them.

13. As to the allegations of paragraph 13 of the Complaint, admit that U.S. Bank National Association is the successor to U.S. Bank Trust National Association.

14. As to the allegations of paragraph 14 of the Complaint, admit.

15. As to the allegations of paragraph 15 of the Complaint, admit venue may be proper under 28 U.S.C. § 1391(b)(1), but assert the best federal forum for resolving this dispute would be the District of Minnesota.

16. As to the allegations of paragraph 16 of the Complaint, admit the first three sentences, that MBIA issued a policy to insure the Series A and B bonds and that U.S. Bank was the Trustee. U.S. Bank is without information sufficient to admit or deny that National Public Finance Guarantee Corporation is the successor to MBIA and on that basis, denies that allegation. As to the quoted language in the penultimate sentence of paragraph 16, admit that MBIA had certain, limited contractual rights under the Indenture, which, given U.S. Bank's reliance on Bond Counsel's opinion and Plaintiff's consent to defeasance, do not give rise to a valid claim against U.S. Bank.

17. As to the allegations of paragraph 17 of the Complaint, admit that the paragraph is generally accurate but priority of payments in any debt offering depends on many variables which can differ from offering to offering.

18. As to the allegations of paragraph 18 of the Complaint, deny that U.S. Bank had any obligation to pay MBIA's insurance premium. The priority Plaintiff claims in the final sentence of paragraph 18 does not impose a duty on U.S. Bank to pay that premium. That duty belonged to AOHC.

19. As to the allegations of paragraph 19 of the Complaint, admit only that for the reasons stated in paragraph 7 above, U.S. Bank disbursed funds as provided in the Closing Statement. Deny that U.S. Bank owed Plaintiff any fiduciary duty and deny that U.S. Bank had any obligation to pay MBIA's insurance premium. That duty belonged to AOHC.

20. As to the allegations of paragraph 20 of the Complaint, admit only that AOHC failed to provide sufficient funds to pay MBIA's single installment premium, and

4

that U.S. Bank asked AOHC to provide funds to pay the single installment premium in full.

21. As to the allegations of paragraph 21 of the Complaint, admit only that for the reasons stated in paragraph 7 above, U.S. Bank disbursed funds as provided in the Closing Statement. Deny that U.S. Bank owed Plaintiff any fiduciary duty and deny that U.S. Bank had any obligation to pay MBIA's insurance premium. That duty belonged to AOHC.

22. As to the allegations of paragraph 22 of the Complaint, admit Plaintiff consented to the sale of the properties financed by the bonds, that consent was provided to Bond Counsel, that MBIA or Plaintiff had the duty to advise Bond Counsel if they were owed any money, and that U.S. Bank relied on Bond Counsel's opinion.

23. As to the allegations of paragraph 23 of the Complaint, admit only that for the reasons stated in paragraph 7 above, U.S. Bank disbursed funds as provided in the Closing Statement. Deny that U.S. Bank owed Plaintiff any fiduciary duty and deny that U.S. Bank had any obligation to pay MBIA's insurance premium. That duty belonged to AOHC.

24. As to the allegations of paragraph 24 of the Complaint, admit only that for the reasons stated in paragraph 7 above, U.S. Bank disbursed funds as provided in the Closing Statement. With that disbursement, the Trust Estate terminated of its own accord. Deny that U.S. Bank owed Plaintiff any fiduciary duty and deny that U.S. Bank had any obligation to pay MBIA's insurance premium. That duty belonged to AOHC.

25. As to the allegations of paragraph 25 of the Complaint, admit only that for the reasons stated in paragraph 7 above, U.S. Bank disbursed funds as provided in the Closing Statement. Deny that U.S. Bank owed Plaintiff any fiduciary duty and deny that U.S. Bank had any obligation to pay MBIA's insurance premium. That duty belonged to AOHC.

26. As to the allegations of paragraph 26 of the Complaint, admit only that for the reasons stated in paragraph 7 above, U.S. Bank disbursed funds as provided in the Closing Statement. Deny that U.S. Bank owed Plaintiff any fiduciary duty and deny that U.S. Bank had any obligation to pay MBIA's insurance premium. That duty belonged to AOHC.

27. As to the allegations of paragraph 27 of the Complaint, admit only that the funds were released to AOHC, the source of those funds, and who had procured the insurance contract with MBIA.

28. As to the allegations of paragraph 28 of the Complaint, admit only that the funds were released to AOHC, the source of those funds, which had the insurance contract with MBIA.

29. As to the allegations of paragraph 29 of the Complaint, admit only that at one point there was $68,293.34 on hand in the Bond Insurance Premium account, that amount was insufficient to pay the premium for 2013, which was due in one installment and that it was industry practice that partial premiums are not made for MBIA's type of insurance.

30. As to the allegations of paragraph 30 of the Complaint, admit only that the funds were released to AOHC, the source of those funds, and who had procured the insurance contract with MBIA.

31. As to the allegations of paragraph 31 of the Complaint, admit only that the funds were released to AOHC, the source of those funds, and who had procured the insurance contract with MBIA.

32. As to the allegations of paragraph 32 of the Complaint, admit only that AOHC had the contractual duty to pay the premium for 2013 in full in one installment, that AOHC failed to provide U.S. Bank with such funds to pay the MBIA premium in full, that U.S. Bank had no duty to make a partial payment of premium, that U.S. Bank relied on the opinion of Bond Counsel that all conditions to defeasance had been satisfied, that U.S. Bank relied on Plaintiff's consent to defeasance, which consent was unconditional as to U.S. Bank's duties, that U.S. Bank disbursed funds as provided for in the Closing Statement and that U.S. Bank had no duty to pay MBIA or Plaintiff anything after the funds had been fully disbursed.

33. As to the allegations of paragraph 33 of the Complaint, if a response is required, admitted or denied as set forth in paragraphs 1-32 above.

34. As to the allegations of paragraph 34 of the complaint, admit U.S. Bank had contractual duties under the Indenture, but deny it breached any duties to Plaintiff.

35. As to the allegations of paragraph 35 of the Complaint, deny.

36. As to the allegations of paragraph 36 of the Complaint, deny.

37. As to the allegations of paragraph 37 of the Complaint, whatever damages Plaintiff claims it is entitled to are damages caused by AOHC.

38. As to the allegations of paragraph 38 of the Complaint, if a response is required, admitted or denied as set forth in paragraphs 1-37 above.

39. As to the allegations of paragraph 39 of the Complaint, deny U.S. Bank owed Plaintiff a fiduciary duty.

40. As to the allegations of paragraph 40 of the Complaint, deny U.S. Bank owed Plaintiff a fiduciary duty or that Plaintiff had a collateral interest in the funds AOHC paid to U.S. Bank under the Indenture.

41. As to the allegations of paragraph 41 of the Complaint, deny U.S. Bank owed Plaintiff a fiduciary duty.

42. As to the allegations of paragraph 42 of the Complaint, whatever damages Plaintiff claims it is entitled to are damages caused by AOHC.

## AFFIRMATIVE DEFENSES

### FIRST AFFIRMATIVE DEFENSE

1. The Complaint fails to state a claim for which relief can be granted.

### SECOND AFFIRMATIVE DEFENSE

2. By virtue of the consent Plaintiff gave to defeasance, which consent was obtained prior to defeasance without conditioning its consent on payment of any funds it now claims was due it, and by waiting more than one year after defeasance to assert a claim for an unpaid premium, Plaintiff waived any right to a premium for insurance coverage during 2013.

## THIRD AFFIRMATIVE DEFENSE

3. Plaintiff is estopped from claiming U.S. Bank owed it anything when it consented to defeasance without any conditions as to U.S. Bank's future performance under the Indenture and on which consent U.S. Bank relied.

## FOURTH AFFIRMATIVE DEFENSE

4. Plaintiff is entitled to recover only the reasonable value of its services, which were to insure a risk of nonpayment of the Series 2001A Bonds, which risk ended when either those bonds were defeased or redeemed.

**WHEREFORE**, Defendant U.S. Bank asks this Court:

1. Enter judgment dismissing Plaintiff's Complaint;

2. Award U.S. Bank reasonable costs and fees; and

3. For such other relief as the Court deems just.

Dated: September 15, 2015

**ZEICHNER ELLMAN & KRAUSE LLP**

By _/s/ D. Hamilton_
David S.S. Hamilton
1211 Avenue of the Americas
New York, New York 10036
(212) 223-0400

**OF COUNSEL:**
Scott G. Knudson
Tara R. Duginske
Briggs and Morgan, P.A.
2200 IDS Center
80 South Eighth Street
Minneapolis, Minnesota 55402
(612) 977-8400

**ATTORNEYS FOR DEFENDANT U.S. BANK, NATIONAL ASSOCIATION**

#826001/11299.030