UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------- X

National Public Finance Guarantee
Corporation,

                       Plaintiff,

     -against-

U.S. Bank Trust National Association,

                    Defendant,

-------------------------------------------------- X

U.S. Bank National Association sued
herein as U.S. Bank Trust National
Association,

               Defendant and
               Third-Party Plaintiff

     -against-

American Opportunity for Housing –
Colinas, LLC and Agape Colinas, Inc.

             Third-Party Defendants.

-------------------------------------------------- X

Civil Action No. 7:15-CV-05642 KMK

**DEFENDANT U.S. BANK
NATIONAL ASSOCIATION'S
THIRD-PARTY COMPLAINT**

      Defendant and Third-Party Plaintiff, U.S. Bank National Association ("U.S. Bank"), as successor in interest to U.S. Bank Trust National Association, for its Third-Party Complaint against American Opportunity for Housing—Colinas, LLC and Agape Colinas, Inc., states and alleges as follows:

      1.     That Plaintiff National Public Finance Guarantee Corporation ("Plaintiff"), claiming to be the successor in interest to MBIA, Insurance Corp. ("MBIA"), filed a Complaint dated July 17, 2015, a true and correct copy of which is attached as **Exhibit A**.

2.    Plaintiff generally alleges that U.S. Bank, in its role as Trustee under the Trust Indenture, failed to properly distribute funds and subsequently released the Trust Estate, without paying MBIA a bond insurance premium payment of $131,395 that was allegedly due on January 1, 2013.

3.    U.S. Bank has expressly denied any and all liability to Plaintiff and denies it is responsible for any of the alleged damages plead in the Complaint.  But, in the event the trier of fact concludes that Plaintiff's claims have merit, then Third-Party Defendants American Opportunity for Housing—Colinas, LLC ("AOHC") and Agape Colinas, Inc. ("Agape") are the proper parties to respond to claims of liability and damages.  A copy of U.S. Bank's Answer to the Complaint is attached as **Exhibit B**.

4.    Despite AOHC and Agape's promises to defend and indemnify U.S. Bank, as Trustee, AOHC and Agape have failed to defend or indemnify U.S. Bank with regard to the unpaid 2013 bond insurance premium payment.

## THE PARTIES

5.    Plaintiff National Public Finance Guarantee Corporation is a California corporation with headquarters in Purchase, New York.

6.    Defendant and Third-Party Plaintiff U.S. Bank is a national banking association, and banking subsidiary of U.S. Bancorp.  U.S. Bank maintains its principal place of business in Minneapolis, Minnesota.

7.    Third-Party Defendant AOHC is a Texas limited liability company with its primary office located at 7334 Blanco Road, Suite 200, San Antonio, TX 78216.

8. Third-Party Defendant Agape is a Texas non-profit corporation with its primary office located at 7334 Blanco Road, Suite 200, San Antonio, TX 78216.

## JURISDICTION

9. This Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1332(a) over the claims asserted against U.S. Bank by Plaintiff.

10. U.S. Bank's third-party claims against Third-Party Defendants AOHC and Agape arise as part of the same case or controversy; because the third-party claims are so related to claims in the action within which the Court has original jurisdiction, the Court has supplemental jurisdiction over U.S. Bank's claims against AOHC and Agape. AOHC entered into a bond financing transaction which provided that MBIA would issue a Financial Guaranty Insurance Policy insuring prompt payment of principal and interest in one of the series of bonds, the proceeds of which were lent to AOHC. These bonds were subsequently defeased in 2013, and in a letter dated February 13, 2013 MBIA, through its subsidiary, the Plaintiff, consented to the defeasance. AOHC and Agape have promised to indemnify U.S. Bank for any and all claims arising out of the defeasance or for events arising after defeasance. Those promises of indemnity cover the claims made by Plaintiff.

11. Venue is proper in the Southern District of New York under 28 U.S.C. § 1391(b)(1), although a better federal forum is the District of Minnesota.

## THIRD-PARTY CLAIM AGAINST AOHC AND AGAPE

12. Pursuant to a Trust Indenture dated January 1, 2001, U.S. Bank served as the Trustee and Escrow Bank in connection with the sale of three properties whose

purchase and rehabilitation were financed by three series of bonds issued by Bexar County Housing Finance Corporation ("Bexar") to AOHC, the borrower.

13.     MBIA insured one of these series: Series 2001A.

14.     Pursuant to the Trust Indenture, AOHC was obligated to pay MBIA's annual bond insurance premium.  To fulfill this requirement, U.S. Bank, as Trustee, was to transfer funds from the Bond Insurance Premium Fund to MBIA on January 1 of each year.  AOHC had the duty to provide the funds to pay the annual bond insurance premium.  U.S. Bank had no duty to pay the premium.

15.     On January 1, 2013, the bond insurance premium payment due to MBIA was $131,395.

16.     AOHC, however, failed to provide U.S. Bank, as Trustee, with sufficient funds to pay the premium for 2013.

17.     The Series 2001A bonds that MBIA insured were defeased as of February 14, 2013 and redeemed as of March 18, 2013.  The bonds were defeased and redeemed before MBIA's bond insurance premium for 2013 was paid.

18.     Following redemption, AOHC—as the borrower—received the balance of the Trust Estate.  The 2013 bond insurance premium remained unpaid.

19.     The defeasance and redemption of the Series 2001A bonds took place as part of a transaction whereby Agape purchased the three projects financed by the bonds, and Bexar issued new revenue bonds to finance the purchase and provide funds to rehabilitate the projects and pay off the bonds.  As part of the transaction, Bexar, Agape (the "New Owner"), and AOHC (the "Current Owner") entered into the Consent to Sale

and Assumption Agreement dated February 14, 2013 (the "Consent Agreement").  U.S.

Bank, as Trustee, is a third-party beneficiary of the Consent Agreement.  A true and

correct copy of the Consent Agreement is attached as **Exhibit C**.  Plaintiff's written

consent to the sale is part of Exhibit C.

      20.    In the Consent Agreement, Agape made the following promise of

indemnity:

> On or after the date hereof, the New Owner jointly and severally agrees to
> indemnify, hold harmless, and defend the Issuer, the Trustee, and their
> respective officers, members, directors, officials, agents, advisors, counsel,
> and employees and each of them (each an "Indemnified Party") from and
> against, any and all actual out-of-pocket loss or expense suffered or
> incurred by any Indemnified Party to the extent caused by claims, joint or
> several, by or on behalf of any person arising from any cause whatsoever,
> but solely to the extent occurring on or after the date hereof in connection
> with the sale transactions described herein and the on-going operations of
> the Project, plus all reasonable actual out-of-pocket costs, counsel fees,
> expenses, or liabilities incurred in connection with any such claim or
> proceeding brought thereon, except to the extent such damages are caused
> by the bad faith, gross negligence, or willful misconduct of the Indemnified
> Party.  In the event that any action or proceeding is brought against any
> Indemnified Party with respect to which indemnity may be sought
> hereunder, the New Owner, upon written notice from the Indemnified
> Party, shall assume the investigation and defense thereof, including the
> employment of counsel selected by the New Owner, subject to the
> reasonable approval of the Indemnified Party, and shall assume the
> payment of all expenses related thereto, with full power to litigate,
> compromise, or settle the same in its sole discretion; provided that the
> Issuer and the Trustee shall have the right to review and approve or
> disapprove, in their reasonable discretion, any such compromise or
> settlement if it contains or implies an admission regarding such Indemnified
> Party.  Each Indemnified Party shall have the right to employ separate
> counsel in any such action or proceeding and participate in the investigation
> and defense thereof, and the New Owner shall be obligated to pay the
> reasonable fees and expenses of such separate counsel if a conflict of
> interest exists between the New Owner and such Indemnified Party such
> that the same counsel is prohibited from representing both parties;

otherwise the New Owner shall not be required to pay the fees and expenses of such separate counsel.

21.     Also as part of the transaction, Bexar, AOHC, Agape, and U.S. Bank entered into the Defeasance Agreement, dated February 14, 2013.  A true and correct copy of the Defeasance Agreement is attached as **Exhibit D**.

22.     Pursuant to the Defeasance Agreement, AOHC (the "Current Owner") provided U.S. Bank (the "Escrow Bank") with the following promise of indemnity:

> To the full extent permitted by law, the Current Owner agrees to indemnify, defend, and hold the Escrow Bank  harmless from and against any and all loss, damage, tax, liability, and expense that may be incurred by the Escrow Bank as a result of any third party claim arising out of or in connection with its acceptance or appointment as Escrow Bank hereunder, including reasonable attorneys' fees and expenses of defending itself against any claim or liability in connection with its performance hereunder except that the Escrow Bank shall not be indemnified for any loss, damage, tax, liability, or expense resulting from its own gross negligence, willful misconduct, or material breach of this agreement.

23.     To date, AOHC and Agape have failed to defend or indemnify U.S. Bank with respect to Plaintiff's claims related to the unpaid bond insurance premium, despite U.S. Bank's request that they do so.

24.     U.S. Bank denies Plaintiff's alleged breach of contract and breach of fiduciary claims, including specifically Plaintiff's claim for punitive damages for U.S. Bank's alleged "intentional breach of its fiduciary duty."  But, in the event the trier of fact concludes that Plaintiff's claims have merit, then AOHC and Agape are the proper parties to respond to claims of liability and damages.

25.     Therefore, U.S. Bank asserts this third-party claim against AOHC and Agape for breach of contract, contractual indemnity and defense, and contribution, all of which alone or together have caused such damages that will be shown at trial.

**WHEREFORE**, if Defendant and Third-Party Plaintiff U.S. Bank is found liable to Plaintiff for any damages, Defendant and Third-Party Plaintiff U.S. Bank respectfully demands judgment for breach of contract, contractual indemnification and defense, as specified above, against the Third-Party Defendants, jointly and severally, for all sums that may be adjudged against Defendant and Third-Party Plaintiff U.S. Bank in favor of Plaintiff, together with any costs, disbursements, attorneys' fees, and expenses incurred by U.S. Bank in defending this action.

Dated:  September 17, 2015

**ZEICHNER ELLMAN & KRAUSE LLP**

By _____

David S.S. Hamilton
1211 Avenue of the Americas
New York, New York   10036
(212) 223-0400

**OF COUNSEL:**
Scott G. Knudson
Tara R. Duginske
Briggs and Morgan, P.A.
2200 IDS Center
80 South Eighth Street
Minneapolis, Minnesota 55402
(612) 977-8400

**ATTORNEYS FOR DEFENDANT and
THIRD-PARTY PLAINTIFF
U.S. BANK, NATIONAL ASSOCIATION**