

445 Hamilton Avenue, 14th Floor
White Plains, New York 10601
Tel 914.761.1300   Fax 914.761.5372
www.cuddyfeder.com

December 4, 2015

**Via ECF**
Hon. Kenneth M. Karas
United States District Court
300 Quarropas Street, Chambers 533
White Plains, New York 10601

Re:   National Public Finance Guarantee Corp. v. U.S. Bank Trust National Assoc., No. 15-CV-05642

Dear Judge Karas:

This office represents the Plaintiff, National Public Finance Guarantee Corp. ("National") in the above captioned matter.  The parties are scheduled for a Rule 16 conference on January 5, 2016.  In normal circumstances we would be conferring with the Defendants regarding discovery and other scheduling issues in preparation for this conference.  However, in light of the nature of this case and the Defendant's admissions in its Answer and Third-Party Complaint, pursuant to II. A. of your Individual Rules, I am writing to request that the Court use the scheduled conference to discuss and schedule the Plaintiff's motion for summary judgment.

While the Defendant's Third-Party Complaint has not yet been answered, issue has been joined in National's action against U.S. Bank and there is no reason to further delay what should be a speedy resolution of the dispute between those two parties on the case in chief.

**There Are No Factual Issues in Dispute, Making  a Motion for Summary Judgment Appropriate and Efficient.**

This is an action to recover an unpaid insurance premium that was due to the Plaintiff and went unpaid because of Defendant, U.S. Bank Trust National Association's ("U.S. Bank") failure to perform its duties as Trustee to the Indenture, which governed the parties' business relationship.

The underlying facts of this matter are not in dispute.  Indeed, in its Answer, the Defendant admits all of the essential facts which form the basis for National's causes of action for breach of contract and breach of fiduciary duty.  It only denies or disputes the Plaintiff's legal conclusions.

Specifically, U.S. Bank admits that the Plaintiff was a beneficiary of the Indenture and is entitled to enforce its rights under the Indenture.  It admits that a premium payment was due to Plaintiff in January 2013, which went unpaid.  It admits that when the premium payment was due, there was over $68,000 in a fund designated for insurance premium payments.  It admits that in January 2013, it contacted the Borrower (the Third-Party Defendant), requesting that the Borrower fund the shortfall in the Bond Insurance Premium Fund.  It admits that it did not transfer the money held in the Bond Insurance Premium Fund to the Plaintiff.  It admits that at defeasance, it forwarded approximately $3 million to the Borrower, but did not provide any

C&F: 2877592.3

Hon. Kenneth M. Karas
December 4, 2015

funds to the Plaintiff. It even admits that it took the approximately $68,000 held in the Bond Insurance Premium Fund and gave that money to the Borrower as opposed to the Plaintiff.

The Defendant's response to the Complaint is exemplified by the last sentence of paragraph 16 of the Answer, in which U.S. Bank states "admit that MBIA had certain, limited contractual rights under the Indenture, which, given U.S. Bank's reliance on Bond Counsel's opinion and Plaintiff's consent to defeasance, do not give rise to a valid claim against U.S. Bank."

Accordingly, Defendant disputes no material facts, but instead it disputes only that those facts amount to a breach of contract or breach of fiduciary duty. Defendant's argument, referenced above, that it was entitled to rely upon the opinion of Bond Counsel is a purely legal argument.

There is no need for discovery here. The governing contractual documents, insurance policies, and even the Bond Counsel opinion, which Defendant references and relies upon, are not in dispute. Further, the facts regarding (1) that an insurance premium payment was due to Plaintiff, (2) that payment was not made, (3) at defeasance Defendant released approximately $3 million to the Borrower and nothing to the Plaintiff, and (4) that the Defendant took the money that was in the Bond Insurance Premium Fund and transferred it to the Borrower, are all uncontested.

With only legal issues at stake, this is a rare opportunity for the Court to resolve the parties' respective rights and dispose of a matter without the need for time consuming and expensive discovery. Doing so will be in the interests of the parties and the Court itself.

**Plaintiff's Anticipated Motion**

As Trustee to the Indenture, U.S. Bank had the obligation to properly administer the Trust Estate. Specific to this case, U.S. Bank had the express contractual responsibility to fund accounts in the order prescribed by the Indenture's waterfall structure, and then make payments from those accounts to the appropriate party. (*e.g.* "Amounts on deposit in the Bond Insurance Premium Fund shall be transferred to the Bond Insurer by the Trustee to pay the cost of the annual Bond Insurance Premium on each January 1..." Indenture § 4.10.)

As Trustee, U.S. Bank further had the express obligation to not release the Trust Estate until the Issuer "shall pay or cause to be paid all other sums payable hereunder, including all fees, compensation and expenses of the Trustee, the Bond Insurer and the Paying Agent..." (Indenture Art. VII, p. 56.)

U.S. Bank indisputably breached these obligations when it (1) did not transfer the funds in the Bond Insurance Premium Fund to the Plaintiff and then (2) released the Trust Estate prior to all conditions precedent being met, in particular, the Issuer paying sums due to the Bond Insurer.

In its Answer, U.S. Bank repeatedly states that it did not have a duty to "pay" Plaintiff as Bond Insurer. That is not at issue. U.S. Bank was the Trustee. It was responsible to administer the Trust in accordance with the Indenture. It did not. It was expressly required to transfer funds in the Bond Insurance Premium Fund to the Plaintiff on January 1 of each year. It did not. It was required to not release the Trust Estate until the Issuer had paid all sums due to the Bond Insurer (Plaintiff), along with other parties. It did not. This case is not about U.S. Bank's responsibility to "pay" the insurance premium. It is about its responsibility to perform its role as Trustee.

C&F: 2877592.3

Hon. Kenneth M. Karas
December 4, 2015

In the Answer, U.S. Bank raises several defenses – all legal, none factual.  First, it asserts that it was entitled to rely upon the opinion of Bond Counsel in releasing the Trust Estate.  Second, it asserts that Plaintiff has waived its claim to the unpaid premium because it consented to defeasance.  And third, U.S. Bank asserts that to the extent that Plaintiff is entitled to any of the unpaid premium, it is only for a portion of that amount since the Plaintiff was no longer at risk for a claim on its policy after the bonds were defeased.  National believes that all of these contentions lack merit and in any event can be determined as a matter of law.

As to U.S. Bank's reliance on the opinion of Bond Counsel: Article VII of the Indenture entitled "Defeasance," states that only after the Issuer has paid all sums due to all parties owed payment (specifically including the Bond Insurer) *and* receipt of the opinion of Bond Counsel may the Trustee release the Trust Estate.  Thus, nothing in this provision indicates that the opinion of Bond Counsel supersedes the requirement that the Bond Insurer, among others, be paid sums due prior to release of the Trust Estate.  But even more fatal to Defendant's argument in this regard is that the Defendant had actual knowledge that the Insurance Premium payment was due and owed to the Plaintiff (Ans. ¶ 20), yet it still released the Trust Estate and transferred approximately $3 million, including the funds held in the Bond Insurance Premium Fund to the Borrower.  Statements in the opinion of Bond Counsel cannot replace the actual knowledge of the Trustee.

Defendant's waiver, or estoppel, argument is likewise unavailing.  As stated in paragraph 22 of the Complaint, Plaintiff consented to the sale of the properties conditioned upon defeasance of the bonds.  Plaintiff is aware of no legal, or logical, support for the position that by not including a sentence stating in substance "as long as we are paid what we are owed" the Plaintiff waived its right to receive the premium payment.  Further, Plaintiff's consent was a consent to the sale of the properties and defeasance of the bonds, which consent would "be valid upon full defeasance..."  If the defeasance provisions of the Indenture had been followed, the Plaintiff would have been paid the insurance premium.  The Plaintiff's consent is not a waiver of its right to payment.

Finally, the Bond Insurance Policies at issue here required full, and non-refundable, payment of the annual premium on the 1st of each year.  ("The premium on this policy is not refundable for any reason including the payment prior to maturity of the Obligations.")  Accordingly, the relevant contracts (as well as industry practice) directly contradict Defendant's assertion that the Plaintiff can only recover a portion of the unpaid premium.

In short, National believes that it can make a bona-fide motion for summary judgment at this stage, which motion will enable the parties and the Court to bring this dispute to an efficient resolution.  Thank you for the Court's attention to this matter, and I look forward to our discussion at the January 5th appearance.

Respectfully submitted,

Andrew Schriever

cc:     Scott Knudson (SKnudson@Briggs.com)
        Eric Pullen (epullen@pulmanlaw.com)