

**BRIGGS**
BRIGGS AND MORGAN

2200 IDS Center
80 South 8th Street
Minneapolis MN 55402-2157
tel 612.977.8400
fax 612.977.8650

# MEMO ENDORSED

December 9, 2015



Scott G. Knudson
(612) 977-8279
sknudson@briggs.com

Hon. Kenneth M. Karas
United States District Court
300 Quarropas Street
Chambers 533
White Plains, NY 10601

Re: **National Public Finance Guarantee Corp. v. U.S. Bank Trust National Ass'n, No. 15-CV-05642**

Dear Judge Karas:

The undersigned represents U.S. Bank National Association ("U.S. Bank"), the successor in interest to U.S. Bank Trust National Association ("U.S. Bank Trust"), the named defendant in an action brought by National Public Finance Guarantee Corporation ("NPFGC"). U.S. Bank is responding to the tendentious letter from NPFGC's counsel requesting permission to file a motion for summary judgment. It is U.S. Bank's position that NPFGC's request is premature, coming before any discovery into why the insurer expressly consented to a transaction that it now claims left its 2013 insurance premium unpaid.

By way of background, in 2001 the Bexar County Housing Finance Corporation ("Issuer") issued three series of bonds to finance the acquisition and rehabilitation of three low and moderate income residential facilities in Bexar County, Texas. (San Antonio is the county seat of Bexar County.) The Issuer lent the net bond proceeds to American Opportunity for Housing-Colinas LLC ("AOHC"). U.S. Bank Trust served as the trustee under the trust indenture by which the bonds were issued. MBIA Insurance Corporation ("MBIA") issued an insurance policy guaranteeing the timely payment of principal and interest of one series of the 2001 bonds. NPFGC claims to be the successor to MBIA, but it has provided no documentation to substantiate that claim.

The bond documents provide that AOHC, and only AOHC, is obligated to pay the insurance premium, which was a single payment for one year's coverage. AOHC failed to provide the trustee with sufficient funds to pay MBIA's premium for coverage in 2013. But under no circumstance did any of the bond documents obligate U.S. Bank to pay MBIA's 2013 premium.

Briggs and Morgan, Professional Association
Minneapolis | St. Paul | www.briggs.com
Member - Lex Mundi, a Global Association of Independent Law Firms

7353786v1

BRIGGS AND MORGAN

Hon. Kenneth M. Karas
December 9, 2015
Page 2

In February 2013, the project was refinanced. Bexar County Housing Finance Corporation issued new bonds, the proceeds of which were used in part to defease, that is, to pay off the 2001 bonds still outstanding. U.S. Bank distributed the bond proceeds pursuant to a closing statement prepared by Storm Peak Advisors, a third party based in Colorado. Before disbursing any funds, U.S. Bank obtained an opinion of bond counsel, Fulbright and Jaworski (now Norton Rose Fulbright), that all conditions to defeasance had been met. If MBIA's right to payment of its 2013 insurance premium was a condition precedent to defeasance, bond counsel could not have issued that opinion, on which U.S. Bank was expressly entitled to rely. MBIA also expressly consented to defeasance, but now tries to sidestep the legal significance of its consent, which was the functional equivalent of an estoppel certificate.

On completion of the February 2013 defeasance, the 2001 bonds still outstanding were paid off and all parties on the Storm Peak closing statement were paid. The balance of proceeds in U.S. Bank's accounts was distributed to AOHC. U.S. Bank's third party complaint is against AOHC and the successor borrower, each of whom promised to indemnify U.S. Bank for any claims relating to the defeasance of the 2001 bonds. With defeasance, MBIA was no longer at risk on its policy. It was not until May 2014, however, that MBIA even inquired as to payment of the 2013 insurance premium, which was to insure bonds that had been redeemed many months earlier.

U.S. Bank believes that NPFGC's request for an early summary judgment motion is premature. U.S. Bank is entitled to discovery into what the various players said that led to the closing statement by which U.S. Bank distributed the bond funds:

    Issuer – Bexar County Housing Finance Corporation

    Bond Counsel – Fulbright and Jaworski

    Closer – Storm Peak Advisors

    Insurer – MBIA/NPFGC

    Old Borrower – AOHC

    New Borrower – Agape Colinas

7353786v1

BRIGGS AND MORGAN

Hon. Kenneth M. Karas
December 9, 2015
Page 3

    This discovery would be relatively tailored and focused on the period when the AOHC or Agape Colinas decided to refinance to the time when the bonds were redeemed, plus whatever the insurers have relating to their claim.

    In sum, U.S. Bank has a justifiable basis for discovery, which should be completed before NPFGC (or MBIA) brings a Rule 56 motion.

Respectfully submitted,

Scott G. Knudson

SGK/smo
cc:    David Hamilton
        Eric Pullen
        Andrew Schriever

*[Handwritten note:]* The Court will address the putative summary judgment motion at the January 5 conference.

So Ordered –

/s/ KMK
12/9/15

7353786v1