UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------x
NATIONAL PUBLIC FINANCE GUARANTEE   Case No. 7:15-CV-05642 (KMK)
CORPORATION,

                    Plaintiff,

   -against-

U.S. BANK TRUST NATIONAL ASSOCIATION,

                    Defendant.
------------------------------------------------------------x
U.S. BANK NATIONAL ASSOCIATION, sued
herein as U.S. Bank Trust National Association,

                    Third-Party Plaintiff,

   -against-

AMERICAN OPPORTUNITY FOR HOUSING -
COLINAS, LLC and AGAPE COLINAS, INC.

                    Third-Party Defendants.
------------------------------------------------------------x

## ANSWER and AFFIRMATIVE DEFENSES of THIRD-PARTY DEFENDANTS, AMERICAN OPPPORTUNITY FOR HOUSING-COLINAS, LLC and AGAPE COLINAS, INC.

Third-Party Defendants, American Opportunity for Housing-Colinas, LLC ("AOHC") and Agape Colinas, Inc. ("Agape Colinas", together with AOHC, "Colinas"), by their attorneys, Kaiser Saurborn & Mair, P.C. and Pulman, Cappuccio, Pullen, Benson & Jones, LLP, respond to the allegations of Third-Party Plaintiff's Complaint (the "Third-Party Complaint") as follows:

    1.    Admit the factual statements in Paragraph 1 of the Third-Party Complaint.

    2.    Admit the factual statements in Paragraph 2 of the Third-Party Complaint.

3. Admit that U.S, Bank has denied any and all liability to Plaintiff herein, deny the remaining allegations in Paragraph 3 of the Third-Party Complaint and specifically deny that Third-Party Plaintiff is entitled to recover any damages or restitution or relief of any kind.

4. Deny the allegations in Paragraph 4 of the Third-Party Complaint.

5. Admit the factual statements in Paragraph 5 of the Third-Party Complaint.

6. Admit the factual statements in Paragraph 6 of the Third-Party Complaint.

7. Admit the factual statements in Paragraph 7 of the Third-Party Complaint.

8. Admit the factual statements in Paragraph 8 of the Third-Party Complaint.

9. Admit the jurisdictional allegations in Paragraph 9 of the Third-Party Complaint.

10. Admit that AOHC entered into a bond transaction and that the bonds were defeased in 2013 and deny the remaining allegations in Paragraph 10 of the Third-Party Complaint.

11. Admit that venue is proper in the Southern District of New York. Colinas deny the remaining allegations in Paragraph 11 of the Third-Party Complaint.

12. To the extent the terms of any document(s) are quoted or referenced in Paragraph 12, Colinas refer the Court to that document for its contents, and deny any allegation or implication inconsistent therewith when considered in its entirety and under applicable law.

13. Admit the factual statements in Paragraph 13 of the Third-Party Complaint.

14. To the extent the terms of any document(s) are quoted or referenced in Paragraph 14, Colinas refer the Court to that document for its contents, and deny any allegation or implication inconsistent therewith when considered in its entirety and under applicable law.

15. Admit that as of January 1, 2013, Plaintiff claimed that a bond insurance premium in the amount of $131,395 was due and owing.

16. Deny the allegations in Paragraph 16 of the Third-Party Complaint.

17. Admit that the Series 2001A bonds were defeased in February 2013 and redeemed as of March 18, 2013. Colinas further admit that U.S. Bank, as Trustee, did not make payment to Plaintiff for the bond insurance premium. Colinas deny the remaining allegations in Paragraph 17 of the Third-Party Complaint.

18. Admit that following redemption U.S. Bank, as Trustee, payment the purported balance of the Trust Estate to AOHC. Colinas deny the remaining allegations in Paragraph 19 of the Third-Party Complaint.

19. Admit that Agape Colinas purchased the three projects financed by the bonds and obtained new bonds to finance the purchase and rehabilitation of the three projects. Colinas admit that Consent to Sale and Assumption Agreement were executed. These documents speak for themselves. Colinas deny any remaining allegations in Paragraph 19 of the Third-Party Complaint.

20. To the extent the terms of any document(s) are quoted or referenced in Paragraph 20, Colinas refer the Court to that document for its contents, and deny any allegation or implication inconsistent therewith when considered in its entirety and under applicable law.

21. To the extent the terms of any document(s) are quoted or referenced in Paragraph 21, Colinas refer the Court to that document for its contents, and deny any allegation or implication inconsistent therewith when considered in its entirety and under applicable law.

22. To the extent the terms of any document(s) are quoted or referenced in Paragraph 22, Colinas refer the Court to that document for its contents, and deny any allegation or implication inconsistent therewith when considered in its entirety and under applicable law.

23. Admit that U.S. Bank has demanded indemnity but denies the remaining allegations in Paragraph 23 of the Third-Party Complaint.

24. Deny the allegations contained in Paragraph 24 of the Third-Party Complaint.

25. Colinas deny the allegations contained in Paragraph 25 of the Third-Party Complaint.

Colinas deny any allegations in the Third-Party Complaint that are not specifically admitted above and deny that U.S. Bank is entitled to obtain any relief or judgment against Colinas as pled or otherwise.

### AS AND FOR A FIRST AFFIRMATIVE DEFENSE

The Third-Party Complaint fails to state a claim upon which relief can be granted.

### AS AND FOR A SECOND AFFIRMATIVE DEFENSE

Third-Party Plaintiff's claims are barred, in whole or in part, by reason of failure to mitigate damages.

### AS AND FOR A THIRD AFFIRMATIVE DEFENSE

Third-Party Plaintiff's claims are barred, in whole or in part, because it committed a prior material breach of contract.

### AS AND FOR A FOURTH AFFIRMATIVE DEFENSE

Third-Party Plaintiff's claims are barred, in whole or in part, by the doctrine of waiver.

### AS AND FOR A FIFTH AFFIRMATIVE DEFENSE

Third-Party Plaintiff's claims are barred, in whole or in part, by the doctrine of estoppel.

### AS AND FOR A SIXTH AFFIRMATIVE DEFENSE

Third-Party Plaintiff's claims are barred, in whole or in part, by the doctrine of unclean hands.

### AS AND FOR A SEVENTH AFFIRMATIVE DEFENSE

Any damage or loss alleged to have been suffered by Third-Party Plaintiff is not causally related to any act or omission alleged to be chargeable to Colinas.

## AS AND FOR AN EIGHTH AFFIRMATIVE DEFENSE

Any damage or loss alleged to have been suffered by Third-Party Plaintiff is the sole result of its own culpable conduct.

## AS AND FOR A NINTH AFFIRMATIVE DEFENSE

Colinas hereby reserve the right to amend their Answer and to assert additional affirmative defenses as revealed or suggested by the completion of their on-going investigation and discovery.

**WHEREFORE**, Third-Party Defendants, American Opportunity for Housing-Colinas, LLC and Agape Colinas, Inc., demand judgment against the Third-Party Plaintiff dismissing the Third-Party Complaint in its entirety, awarding them their costs and disbursements, including reasonable attorney's fees, and granting them such other and further relief as may be just and proper.

Dated: New York, New York
       January 19, 2016

                KAISER SAURBORN & MAIR, P.C.
                Attorneys for Third-Party Defendants
                American Opportunity for Housing-Colinas, LLC
                  and Agape Colinas, Inc.

By: _____/s/_____/
      Henry L. Saurborn, Esq. (HS-6583)

111 Broadway, 18th Floor
New York, New York 10006
(212) 338-9100
(646) 607-9373 (Fax)
saurborn@ksmlaw.com

**OF COUNSEL**:
PULMAN, CAPPUCCIO, PULLEN,
BENSON & JONES, LLP
Eric A. Pullen, Esq. (Pro Hac to be Filed)
Texas State Bar No. 24007881
2161 NW Military Highway, Suite 400
San Antonio, Texas 78213
(210) 222-9494
(210) 892-1610 (Fax)
epullen@pulmanlaw.com